# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-MJ-00143-LMC |
| JAMES SAMUELS, | |
| Defendant. | |

## MOTION FOR DETENTION

Comes now the United States of America, by and through its undersigned counsel, and hereby moves this Court to order the detention of defendant James Samuels, and states the following in support of the motion:

1. This motion is being made at the defendant's first appearance before a judicial officer. A Criminal Complaint has been filed, charging the defendant with sale of a firearm and ammunition to a prohibited person, in violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2) and knowingly transferring a firearm for use in a crime of violence, in violation of 18 U.S.C. § 924(h).

2. This case involves the possession or use of a firearm as that term is defined in 18 U.S.C. § 921. *See* 18 U.S.C. § 3142(f)(1)(E).

3. In this matter, the defendant knowingly sold an American Tactical Imports Omni-Hybrid AR-15 .223 caliber rifle, Serial Number NS179118, and four (4) boxes, each containing twenty (20) rounds of Wolf .223 caliber ammunition, to a felon, knowing that it would

be used in a crime of violence.[1] (Affidavit for Criminal Complaint, ¶¶ 56-61.) During the transaction, the defendant was told that the firearm was going to be used to kill four people (Affidavit for Criminal Complaint, ¶¶ 58-61.) Included in the sale was a brass catch bag for the assault rifle. (Affidavit for Criminal Complaint, ¶ 58.) During the transaction, the defendant, who is a captain with Kansas City, Missouri Fire Department, was asked how to commit an arson, in order to conceal evidence of the four murders. (Affidavit for Criminal Complaint, ¶¶ 7, 59-61, 65.) Samuels responded, by stating, "You just make sure you got, you just make sure they ain't got no cameras." (Affidavit for Criminal Complaint, ¶ 59.) When asked how to ignite the fire, the defendant suggested "A rag, a bottle and gas." (Affidavit for Criminal Complaint, ¶ 60.) The defendant further stated, "You can just set it, set it down and let it go or people throw em. It's really good if they throw em." (Affidavit for Criminal Complaint, ¶ 60.) The defendant told the confidential informant, "Do what you do. I mean I know you got … Look, you sometime you got to take care of business. I tell people, I say listen, sometimes people make you do stuff you don't want to do man. Do what you got to do." (Affidavit for Criminal Complaint, ¶ 60.) The defendant instructed the confidential informant, "Yeah, you got to cover all that shit. Don't leave no evidence. Don't leave nothing. Get you some rubber gloves. Thing with that is your fingerprint won't go through rubber." (Affidavit for Criminal Complaint, ¶ 65.)

4.  To date, it is known that the defendant has purchased seventy-seven (77) firearms. (Affidavit for Criminal Complaint, ¶ 69.) Of the seventy-seven (77) firearms purchased, forty-seven (47) of them have been transferred to third parties on ATF Form 4473. (Affidavit for

---

[1] Later that same day, the defendant sold a second firearm and ammunition to the same, known felon: an American Tactical Imports Omni-Hybrid AR-15 .223 caliber pistol, Serial Number NS180358, and two (2) boxes, each containing twenty (20) rounds of Wolf .223 caliber ammunition. (Affidavit for Criminal Complaint, ¶¶ 63, 64, 66, 68.)

Criminal Complaint, ¶ 69.) The ATF has identified six (6) firearms involved in crimes that originated with a purchase by defendant. (Affidavit for Criminal Complaint, ¶ 69.)

5. The United States submits that there is clear and convincing evidence that there are no conditions which the Court could place on the defendant's release which would reasonably assure the defendant's appearance in Court and the safety of the community. *See* 18 U.S.C § 3142(g): (1) nature and circumstances of the offense; (2) weight of the evidence; (3) the history and characteristics of the defendant; and (4) nature and seriousness of the danger to the community. Because of this, the United States requests that a Detention Hearing be held and that the defendant be detained. *See, e.g., United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Warren*, 787 F.2d 1237, 1238 (8th Cir. 1986).

WHEREFORE, based on the foregoing, the United States requests that the Court hold a Detention Hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of the defendant.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By /s/Bradley K. Kavanaugh

Bradley K. Kavanaugh
Assistant United States Attorney
Narcotics & Violent Crimes Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was delivered on October 5, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

      /s/Bradley K. Kavanaugh
      Bradley K. Kavanaugh
      Assistant United States Attorney