IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-00309-01-CR-W-DGK |
| | ) | |
| JAMES SAMUELS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On October 1, 2018, a Criminal Complaint was filed against defendant James Samuels. On October 24, 2018, the Grand Jury returned a fourteen-count Indictment against defendant Samuels. The indictment charges the defendant with conspiracy to make false statements during the purchase of firearms (Count One), engaging in the business of dealing firearms without a license (Count Two), sale of a firearm and ammunition to a prohibited person (Counts Three, Five, Six, Seven, Nine, and Twelve), knowing transfer of a firearm for use in a crime of violence (Counts Four, Eight, and Ten), possession of an unregistered firearm (Counts Eleven and Thirteen), and possession of a stolen firearm (Count Fourteen).

On August 26, 2019, defendant Samuels filed a Motion for Continuance. Defendant requests a continuance to the joint criminal jury trial docket commencing February 10, 2020. The suggestions in support of the motion state that additional time is necessary to complete investigation and discussions in an attempt to resolve this matter short of trial. Defendant Samuels and government counsel do not oppose the requested continuance.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of

the court in which the charge is pending. In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial or other disposition prior to February 10, 2020, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendant his right to effective assistance of counsel. The Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. Therefore, it is

ORDERED that defendant's Motion for Continuance (Doc. #29) is granted. This case is removed from the joint criminal jury trial docket which commences September 23, 2019. It is further

ORDERED that this case is set for trial on the joint criminal jury trial docket which commences February 10, 2020. It is further

ORDERED that, pursuant to 18 U.S.C. section 3161(h), the time between the date of this Order and February 21, 2020, the last day of the February 10, 2020 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge