IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES SAMUELS<br><br>Defendant. | Case No. 18-00309-01-CR-W-GAF |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Timothy A. Garrison, United States Attorney, and Bradley K. Kavanaugh, Assistant United States Attorney, and the defendant, James Samuels ("the defendant"), represented by John A. Picerno.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to the following counts of the Indictment: Count One, charging him with a violation of 18 U.S.C. §§ 371 and 924(a)(1)(A), that is, Conspiracy to Make False Statements During Purchase of

1

Firearms; Count Two, charging him with a violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D), that is, Engaging in the Business of Dealing Firearms Without a License; Count Five, Count Seven, Count Nine and Count Twelve, each charging him with a violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2), that is Sale of a Firearm and Ammunition to a Prohibited Person; and Count Thirteen, charging him with a violation of 26 U.S.C. §§ 5841, 5861(d) and 5871, that is, Possession of an Unregistered Firearm. By entering into this plea agreement, the defendant admits that he knowingly committed these offenses, and is in fact guilty of these offenses.

3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offenses to which he is pleading guilty are as follows:

> On or about November 22, 2013, **JAMES SAMUELS**, purchased a Jimenez, Model J.A. Nine, 9mm, pistol, Serial Number 284356, from Jimenez Arms, Inc., for $120 and had the firearm shipped to Conceal & Carry, Federal Firearm License (FFL), located at 12004 East 47th Street Kansas City, Missouri. The firearm was subsequently transferred to Co-Conspirator #1 through Conceal & Carry on or about July 7, 2014. The firearm was reported stolen by Co-Conspirator #1 on or about July 23, 2014, sixteen (16) days after purchase, during a reported armed robbery in Kansas City, Missouri. On or about November 13, 2013, **SAMUELS** purchased a Jimenez, Model J.A. 380, .380 caliber, pistol, Serial Number 285794, from Foothills Firearms, LLC, via GunBroker.com for $100 and had the firearm shipped to Conceal & Carry. The firearm was subsequently transferred to Co-Conspirator #1 through Conceal & Carry on or about July 21, 2014. Co-Conspirator #1 then reported the firearm stolen on or about July 23, 2014, two (2) days after purchase, during a reported armed robbery in Kansas City, Missouri. On or about November 22, 2013, **SAMUELS** purchased a Jimenez, Model L.C. 380, .380 caliber, pistol, Serial Number 264092, from Jimenez Arms, Inc., for $120 and had the firearm shipped to Conceal & Carry. The firearm was subsequently transferred to Co-Conspirator #1 through Conceal & Carry on or about August 6, 2014. Two (2) Jimenez firearms were reported stolen by Co-Conspirator #1 with unknown serial numbers on or about December 19, 2014, during a reported burglary with forced entry. On or about December 10, 2013, **SAMUELS** purchased a Jimenez, Model L.C. 380, .380 caliber, pistol, Serial Number 264659, from Jimenez Arms, Inc., for $120.00 and had the firearm shipped to Conceal & Carry. The firearm was subsequently transferred to Co-Conspirator #1 through Conceal & Carry on or about November 2, 2014. Two (2) Jimenez firearms were reported stolen by Co-Conspirator #1 with unknown serial numbers on or about

2

December 19, 2014, during a reported burglary with forced entry. On or about November 14, 2015, a Jimenez, Model J.A. Nine, 9mm, pistol, Serial Number 098813, was transferred to **SAMUELS** at CR Sales (FFL), 1703 South Noland Road, Independence, Missouri. **SAMUELS** then transferred the firearm to Co-Conspirator #1 at Green Tip Arms, LLC (FFL), 203 South Pelham Path Raymore, Missouri, on or about February 1, 2016. On or about October 27, 2016, **SAMUELS** purchased a Jimenez, Model L.C. 380, .380 caliber, pistol, Serial Number 264089 from Security Solutions via GunBroker.com for $125. On or about May 1, 2017, **SAMUELS** transferred the firearm to Co-Conspirator #1 at Mission Ready Gunworks (FFL) 1924 Linn Street, Kansas City, Missouri. On or about June 11, 2017, Co-Conspirator #1 reported the firearm stolen forty-one (41) days after transfer. From approximately June 1, 2015 to approximately November 2, 2016, **SAMUELS** had six (6) firearms transferred to him at CR Sales, two (2) of which were transferred out to a third party on an ATF Form 4473, and four (4) were transferred to third parties at three (3) different FFLs. From approximately January 7, 2017 to approximately November 21, 2017, **SAMUELS** had sixteen (16) firearms transferred to him at Mission Ready Gunworks. **SAMUELS** transferred three (3) of those sixteen (16) firearms to a third party on ATF Form 4473 at Mission Ready Gunworks.

From approximately November 2013 to August 2018, **SAMUELS** purchased seventy-seven (77) firearms. Of the seventy-seven (77) firearms **SAMUELS** purchased, fifty-seven (57) were Jimenez pistols. Of the seventy-seven (77) firearms **SAMUELS** purchased, forty-seven (47) were transferred to third parties on ATF Form 4473. Of the forty-seven (47) firearms transferred to third parties, forty-three (43) were Jimenez pistols. On average, from the date **SAMUELS** purchased (not acquired) the firearms to the date they were transferred to third parties on ATF Form 4473 was 189 days. Eleven (11) firearms were transferred to a third party forty (40) days or less from the date of purchase by **SAMUELS**. During this time, **SAMUELS** was not a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code.

On July 19, 2018, an Undercover Special Agent (UC) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and ATF Confidential Informant (CI) #1331, met with **SAMUELS** at his residence, located at 2201 East 38th Street, Kansas City, Jackson County, Missouri, to purchase a Jimenez Arms, Model J.A. NINE, 9mm pistol, Serial Number 355076, two pistol magazines and one (1) box containing fifty (50) rounds of Monarch 9mm ammunition. **SAMUELS**, who was aware that ATF CI #1331 was a felon, sold the firearm to ATF CI #1331 for $280.00 and the box of ammunition for $10.00. After receiving payment, ATF CI #1331 and ATF UC #1 accompanied **SAMUELS** to Mission Ready Gunworks located at 1924 Linn Street, North Kansas City, Missouri so that ATF UC #1 could complete an ATF Form 4473 and complete the straw purchase of the firearm on behalf of

3

ATF CI #1331. The completion of the straw purchase was at the direction of **SAMUELS**.

On September 5, 2018, ATF CI #1331 and ATF UC #2, met with **SAMUELS** at his residence to purchase a rifle and ammunition. **SAMUELS** agreed to sell to ATF CI #1331 an American Tactical Imports Omni-Hybrid AR-15 .223 caliber rifle, Serial Number NS179118, one (1) 30-round magazine, four (4) boxes, each containing twenty (20) rounds of Wolf .223 caliber ammunition, and firearm-related accessories for the rifle for $690.00. After receiving payment, ATF CI #1331 and ATF UC #2 accompanied **SAMUELS** again to Mission Ready Gunworks so that ATF UC #2 could complete an ATF Form 4473 and complete the straw purchase of the rifle on behalf of ATF CI #1331. The completion of the straw purchase was at the direction of **SAMUELS**.

On September 5, 2018, ATF CI #1331 and ATF UC #2, met with **SAMUELS** in the parking lot at Mission Ready Gunworks to purchase a second firearm and additional ammunition. **SAMUELS** agreed to sell to ATF CI #1331 an American Tactical Imports Omni-Hybrid AR-15 .223 caliber pistol, Serial Number NS180358, one (1) 30-round magazine, and two (2) boxes, each containing twenty (20) rounds of Wolf .223 caliber ammunition for $650.00. After receiving payment, ATF CI #1331 and ATF UC #2 accompanied **SAMUELS** into Mission Ready Gunworks so that ATF UC #2 could again complete an ATF Form 4473 and complete the straw purchase of the pistol on behalf of ATF CI #1331. The completion of the straw purchase was at the direction of **SAMUELS**.

On October 4, 2018, ATF CI #1331 and ATF UC #2, met with **SAMUELS** at his residence to purchase a firearm and ammunition. **SAMUELS** agreed to sell to ATF CI #1331 an Armscor of the Philippines, Model 206 .38 special caliber revolver, Serial Number RIA1847487, and one (1) box containing fifty (50) rounds of Winchester .38 special ammunition for $395.00. After receiving payment, ATF CI #1331 and ATF UC #2 accompanied **SAMUELS** again to Mission Ready Gunworks so that ATF UC #2 could complete an ATF Form 4473 and complete the straw purchase of the pistol on behalf of ATF CI #1331. The completion of the straw purchase was at the direction of **SAMUELS**.

On October 4, 2018, **SAMUELS** was taken into custody and transported to Kansas City Missouri Police Department Headquarters where he was interviewed. **SAMUELS** was advised of his rights per Miranda and agreed to speak with law enforcement. **SAMUELS** admitted to buying approximately eighty (80) firearms over the last five (5) years at low prices. **SAMUELS** admitted to selling the firearms for a $40 to $50 profit. **SAMUELS** admitted to selling ten (10) to twenty (20) firearms with knowledge that they were going to a prohibited person. In regards to the ten (10) to twenty (20) firearms **SAMUELS** knew were going to a prohibited person, **SAMUELS** had the prohibited person get a non-prohibited

4

person, straw purchaser, to complete the ATF Form 4473 and NICS check to transfer the firearms to.

On October 4, 2018, law enforcement executed a search warrant for **SAMUELS's** residence, located at 2201 East 38th Street, Kansas City, Jackson County, Missouri. Upon execution of the warrant, law enforcement recovered twenty-eight (28) firearms, consisting of twenty-two (22) handguns, five (5) rifles and one (1) shotgun. One of the firearms recovered was a Glock, Model 22 .40 caliber, bearing Serial Number NMG800 with a TAC Isran GLR 440 stock attached, making it a short barrel rifle, pursuant to 26 U.S.C. §§ 5845(a)(3) and (c). The stock attachment meant the weapon was "designed or redesigned, made or remade, and intended to be fired from the shoulder" and thus, a "rifle." This firearm was not registered to **SAMUELS** in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d). Further, a Colt, Model 1911, .45 caliber semi-automatic handgun, bearing serial number FA24014 was also recovered. This firearm had been reported stolen to the Raytown, Missouri Police Department on August 24, 2013. In addition to the firearms, approximately 12,000 rounds of assorted ammunition, firearm parts and accessories, firearm-related documents and purchase receipts, $11,282 in U.S. currency and two (2) computers were recovered.

The defendant agrees that he has the ability to pay a fine and he further agrees that $11,282 seized from him on October 4, 2018, will be applied to any fine imposed by the Court. As set forth in Paragraph 16(g), the defendant agrees to pay the Special Assessment, which is separate from any fine imposed by the Court, at or before sentencing.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which he is pleading guilty.

5. **Statutory Penalties.** The defendant understands that upon his plea of guilty to Count One of the Indictment, charging him with a violation of 18 U.S.C. §§ 371 and 924(a)(1)(A), that is, Conspiracy to Make False Statements During Purchase of Firearms, the maximum penalty the Court may impose is not more than five (5) years of imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 mandatory Special Assessment per felony count of conviction which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class D felony.

The defendant understands that upon his plea of guilty to Count Two of the Indictment, charging him with a violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D), that is, Engaging in the Business of Dealing Firearms Without a License, the maximum penalty the Court may impose is not more than five (5) years of imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 mandatory Special Assessment per felony count of conviction which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class D felony.

The defendant understands that upon his plea of guilty to Count Five, Count Seven, Count Nine and Count Twelve of the Indictment, each charging him with a violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2), that is Sale of a Firearm and Ammunition to a Prohibited Person, the maximum penalty the Court may impose for each count is not more than ten (10) years of imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 mandatory Special Assessment per felony count of conviction which must be paid in full at the time of sentencing. The defendant further understands that each of these offenses are a Class C felony.

6

Case 4:18-cr-00309-GAF   Document 45   Filed 08/31/20   Page 6 of 18

Lastly, the defendant understands that upon his plea of guilty to Count Thirteen of the Indictment, charging him with a violation of 26 U.S.C. §§ 5841, 5861(d) and 5871, that is, Possession of an Unregistered Firearm, the maximum penalty the Court may impose is not more than ten (10) years of imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 mandatory Special Assessment per felony count of conviction which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony.

6. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

    a.    In determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

    b.    The Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c.    In addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to three (3) years; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed;

    d.    If the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to two (2) years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed three (3) years, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

    e.    The Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

    f.    Any sentence of imprisonment imposed by the Court will not allow for parole;

7

Case 4:18-cr-00309-GAF   Document 45   Filed 08/31/20   Page 7 of 18

g. In addition to a sentence of imprisonment, the Court may also impose a fine, pursuant to 18 U.S.C. §§ 3571 and 3572. The defendant agrees to the imposition of a fine in the amount of $11,282. As set forth in Paragraph 3, the defendant agrees that he has the ability to pay a fine and that $11,282 seized from him on October 4, 2018 will be applied to any fine imposed by the Court.

h. The Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office; and

i. The defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court.

7. **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against the defendant for any federal criminal offenses related to Conspiracy to Make False Statements During Purchase of Firearms, Engaging in the Business of Dealing Firearms Without a License, Sale of a Firearm and Ammunition to a Prohibited Person and Possession of an Unregistered Firearm, for which it has venue and are related to the events which arose out of the defendant's conduct described in Paragraph 3 above. Additionally, the United States agrees to dismiss Count Three, Count Four, Count Six, Count Eight, Count Ten, Count Eleven and Count Fourteen of the Indictment at sentencing.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the

8

United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has

9

Case 4:18-cr-00309-GAF   Document 45   Filed 08/31/20   Page 9 of 18

been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

   a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

   b. The applicable Guidelines section for the offense of Conspiracy to Make False Statements During Purchase of Firearms, in violation of 18 U.S.C. §§ 371 and 924(a)(1)(A), Engaging in the Business of Dealing Firearms Without a License, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D), Sale of a Firearm and Ammunition to a Prohibited Person, in violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2) and Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871, is U.S.S.G. § 2K2.1(a)(4), which provides for a base offense level of 20. These counts are grouped together into a single Group, pursuant to U.S.S.G. § 3D1.2;

   c. The parties agree that at least a +4 level enhancement is applicable, pursuant to U.S.S.G. § 2K2.1(b)(1)(B) because the offense involved at least 8 firearms;

   d. The parties agree that a +2 level enhancement is applicable, pursuant to U.S.S.G. § 2K2.1(b)(4) because the offense involved a stolen firearm;

   e. The parties agree that a +4 level enhancement is applicable, pursuant to U.S.S.G. § 2K2.1(b)(5) because the defendant engaged in the trafficking of firearms;

   f. The defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or

prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, he is entitled to a three-level reduction pursuant to § 3E1.1(a) and (b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

       g.     The parties agree that the Court will determine his applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

       h.     The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does <u>not</u> bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

       i.     The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay;

       j.     The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement.

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

    a. Oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b. Comment on the evidence supporting the charge in the indictment;

    c. Oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

    d. Oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

    c. The right to a jury trial, and at that trial, the right to the effective assistance of counsel;

    d. The right to confront and cross-examine the witnesses who testify against him;

    e. The right to compel or subpoena witnesses to appear on his behalf; and

    f. The right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights**.

    a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

    b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

16. **Financial Obligations.** By entering into this plea agreement, the defendant represents that he understands and agrees to the following financial obligations:

    a. The Court may order restitution to the victims of the offense to which the defendant is pleading guilty. The defendant agrees that the Court may order restitution in connection with the conduct charged in any counts of the indictment which are to be dismissed and all other uncharged related criminal activity.

    b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

    c. The defendant will fully and truthfully disclose all assets and property in which he has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

    d. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed

14

financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

e. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets and restitution.

f. The defendant hereby authorizes the USAO to obtain a credit report pertaining to him to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

g. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $700 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of his fulfillment of this obligation at the time of sentencing. The defendant understands that failure to pay the Special Assessment of $700 at or before sentencing will result in a breach of the plea agreement.

h. The defendant certifies that he has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that he will make no such transfers in the future.

i. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

15

Case 4:18-cr-00309-GAF   Document 45   Filed 08/31/20   Page 15 of 18

**17. Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive, or to authorize any third party to request or receive, from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**18. Waiver of Claim for Attorney's Fees.** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**19. Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him in any and all criminal proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence,

16

Case 4:18-cr-00309-GAF   Document 45   Filed 08/31/20   Page 16 of 18

or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

20. **Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

21. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

22. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any

17

drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Timothy A. Garrison
United States Attorney

Dated: 8/31/2020

_____
Bradley K. Kavanaugh
Assistant United States Attorney
Violent Crime and Drug Trafficking Unit

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the Indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 8-31-20

_____
James Samuels
Defendant

I am defendant James Samuels's attorney. I have fully explained to him his rights with respect to the offenses charged in the Indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines, which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, James Samuels's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 8-31-20

_____
John A. Picerno
Attorney for Defendant James Samuels