# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-00309-01-CR-W-GAF |
| JAMES SAMUELS, | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Assistant United States Attorney Bradley K. Kavanaugh, respectfully provides the Court with the following response to defendant's sentencing memorandum, which was filed on January 19, 2021. (Doc. 51.) As more fully explained below, the Government recommends a sentence of ninety (90) months' imprisonment, to be followed by three (3) years of supervised release, and a fine of $11,282. Additionally, the Government requests the Court order immediate payment of the $700 mandatory special assessment.

### A.   *Procedural History*

On August 31, 2020, the defendant pled guilty to seven counts of a fourteen-count indictment. (Doc. 44.)[1] The defendant's guilty plea was pursuant to a written plea agreement. (Doc. 45.)

---

[1] The counts to which the defendant pled guilty: Count One, charging him with a violation of 18 U.S.C. §§ 371 and 924(a)(1)(A), that is, Conspiracy to Make False Statements During Purchase of Firearms; Count Two, charging him with a violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D), that is, Engaging in the Business of Dealing Firearms Without a License; Count Five, Count Seven, Count Nine and Count Twelve, each charging him with a violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2), that is Sale of a Firearm and Ammunition to a Prohibited Person; and Count Thirteen, charging him with a violation of 26 U.S.C. §§ 5841, 5861(d) and

B.  *Sentencing Guidelines Calculations*

A Presentence Investigation Report (PSR) was filed on November 2, 2020. (Doc. 46.)[2] The PSR determined that pursuant to U.S.S.G. § 2K2.1(a)(4)(B), the base offense level was 20 because the offense involved a firearm that is described in 26 U.S.C. § 5845(a); and the defendant is convicted under 18 U.S.C. 922(d) [Counts 5, 7, 9 and 12] and 18 U.S.C. § 924(a)(1)(A) [Count 1] and committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person. (¶ 36.) The PSR determined that the offense involved 54 firearms. (¶ 29.) Therefore, a six-level enhancement was applied, pursuant to § 2K2.1(b)(1)(C). (¶ 37.) Further, the PSR identified that a stolen firearm, namely a Colt, Model 1911, .45 caliber semiautomatic handgun, serial number FA24014, was found during a search of the defendant's residence on October 4, 2018. (¶ 28.) Therefore, a two-level enhancement was applied, pursuant to § 2K2.1(b)(4)(A). (¶ 38.) Lastly, the PSR determined that a four-level enhancement for engaging in the trafficking of firearms was applicable, pursuant to U.S.S.G. § 2K2.1(b)(5). (¶ 39.)

Upon application of these enhancements, the result was an adjusted offense level subtotal of 32. (¶ 43.)

After including a three-level reduction for acceptance, the PSR calculated a total offense level of 29 and criminal history category I. (¶¶ 45-47, 51-52, 71.) This resulted in an advisory

---

5871, that is, Possession of an Unregistered Firearm.

[2] All references are to the PSR unless otherwise noted.

guidelines range of 87 to 108 months. (¶ 71.)[3] The Government agrees that the advisory guidelines range as calculated in the PSR is correct.

C. *Sentencing Factors Under 18 U.S.C. § 3553(a).*

Under federal law, in determining an appropriate sentence, the Court shall consider, amongst other factors, the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1). The Court shall further consider the need for the sentence imposed to: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(A)-(D).

To properly sentence the defendant, the Court must deduce a "reasonable" sentence which is presumed, but not required to be, within the advisory Sentencing Guidelines, and takes into account the sentencing factors described in 18 U.S.C. § 3553(a). *United States v. Farmer*, 647 F.3d 1175, 1178-79 (8th Cir. 2011). In this case, the factors listed in 18 U.S.C. § 3553(a) as to this defendant can be summarized as follows:

  1. *Nature and Circumstances of the Offense.*

The nature and circumstances of the offense are summarized in "The Offense Conduct" section of the PSR. (¶¶ 3-29.) The Government adopts the facts and conclusions therein as the basis for the recommended sentence herein.

---

[3] Counts 1 and 2 carry a maximum statutory sentence of 5 years'/60 months' custody, which is lower than the guideline range of 87 to 108 months; therefore, counts 1 and 2 are limited to a not more than 5 years'/60 months' imprisonment on each count.

A sentence of ninety (90) months' imprisonment, which is a guidelines-range sentence, followed by three (3) years of supervised release, is appropriate in light of the nature and circumstances of the offense. A fine of $11,282, which is an amount agreed upon by the parties, is also appropriate. (Doc. 45, para. 6(g).)

2. *<u>History and Characteristics of the Defendant</u>*.

The PSR identifies no prior criminal history. (¶¶ 49-50.) The PSR also provides information regarding the defendant's personal and family data, physical condition, mental and emotional health, substance abuse, educational/vocational/special skills, and employment record. (¶¶ 57-65.)

Notwithstanding the defendant's lack of criminal history and noteworthy employment record with the Kansas City, Missouri Fire Department, the probation officer did not identify any factors that would warrant a departure from the applicable sentencing guideline range. (¶ 84.)

3. *<u>Seriousness of the Offense / Promote Respect for the Law / Just Punishment</u>*.

A sentence of ninety (90) months' imprisonment, followed by three (3) years of supervised release and a fine per the parties' agreement, reflects the seriousness of the offense, will promote respect for the law, and will provide just punishment for the offense.

4. *<u>Deterrence and Protection of the Public</u>*.

The defendant's conduct in this matter calls for imposition of a guidelines-range sentence to provide a clear message to others to avoid similar criminal conduct. Further, imposition of a guidelines-range sentence is the clearest path toward protecting the public from future criminal conduct of the defendant.

As the Guidelines are designed to treat like-defendants similarly, a sentence of imprisonment in line with the PSR recommendations will likewise be the clearest path to avoiding

sentence disparity. Though advisory, the majority of defendants are in fact sentenced within the Guidelines, as recommended in their individual cases.

5. *Effectively Provide Defendant With an Opportunity to Rehabilitate*.

A guideline-range sentence of imprisonment, followed by supervised release, will provide this defendant an opportunity to rehabilitate himself.

D. *The Government's Sentencing Recommendation*.

Based on all of the above factors, the Government recommends a sentence of ninety (90) months' imprisonment, followed by three (3) years of supervised release, a fine of $11,282, and immediate payment of the $700 mandatory special assessment. This recommendation will address the sentencing factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By /s/*Bradley K. Kavanaugh*

Bradley K. Kavanaugh
Assistant United States Attorney
Violent Crime and Drug Trafficking Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on January 20, 2021, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/s/*Bradley K. Kavanaugh*
Bradley K. Kavanaugh
Assistant United States Attorney